IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2251-FL

| | | |
|---|---|---|
| MICHAEL CHAMPION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ACTING WARDEN B. LOTT, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate housed in a federal facility and proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that there is no entitlement to relief.

**COURT'S DISCUSSION**

On December 2, 2024, petitioner was issued an incident report charging him with violating prison rules by "Use of Drugs/Alcohol." The charge stemmed from an incident in which petitioner's urinalysis tested positive for marijuana metabolite (THC). According to the correctional facility's medical department, petitioner was not prescribed any medication that would yield a false positive. Petitioner was found guilty following a discipline hearing. As punishment, petitioner received one day of disciplinary segregation and lost visitation privileges for six months.

The Due Process Clause mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of a protected liberty interest. Wolff

v. McDonnell, 418 U.S. 539, 557-58 (1974).  Under Wolff, an inmate is entitled to: 1) written notice of the charges at least 24 hours in advance of the hearing; 2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and 3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.  Id. at 564-66; see also Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019).  Decisions by a disciplinary board pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454-55 (1985).  Finally, the disciplinary decision must be made by an impartial adjudicator.  Wolff, 418 U.S. at 570-71.

But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Id. at 556.  The Supreme Court has specifically "rejected the notion that any change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause."  Ky. Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (cleaned up). Therefore, "[b]efore asking if a due-process violation occurred, [the court] must first determine whether the alleged violation implicates a constitutionally protected liberty or property interest." Henderson v. Harmon, 102 F.4th 242, 247 (4th Cir. 2024).

Here, petitioner fails to identify a protected liberty or property interest.  For instance, petitioner does not allege the disciplinary hearing conviction resulted in the loss of good time credits or another recognized interest.  See Wolff, 418 U.S. at 557; Prieto v. Clarke, 780 F.3d 245, 248–49 (4th Cir. 2015).  Indeed, the report from petitioner's discipline hearing indicates that "the

disallowance of Good Conduct Time was not an available sanction for this inmate." (DE 1-1 at 29).

Petitioner's one day of disciplinary segregation does not meet the threshold of a protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 486 (1995) (thirty days of disciplinary segregation insufficient to implicate liberty interest); Cartagena v. Lovell, 103 F.4th 171, 182–84 (4th Cir. 2024) (dismissing due process claim premised on 18 months of disciplinary segregation where the inmate "acknowledged that the conditions of his confinement could be relaxed . . . and that this was dependent on his own conduct" ); Shaw v. Foreman, 59 F.4th 121, 127 (4th Cir. 2023). Neither does loss of visitation privileges for six months invoke due process protection. See Thompson, 490 U.S. at 461 (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)); Desper v. Clarke, 1 F.4th 236, 246 (4th Cir. 2021) (suggesting Thompson precludes due process claims premised on denial of in-person visitation); see also Wolff, 418 U.S. at 571 n.19 (due process procedures not required "for the imposition of lesser penalties such as the loss of privileges"). Because petitioner fails to show how a protected liberty interest was implicated by his disciplinary hearing and subsequent punishment, he is not entitled to relief under § 2241.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See Buck v. Davis, 580 U.S. 100, 122 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Accordingly, the court denies a certificate of appealability.

3

**CONCLUSION**

Based on the foregoing, the petition is DISMISSED, and a certificate of appealability is DENIED. The clerk is DIRECTED to modify the docket caption to correspond to the parties set forth in the caption of this order and to close this case.

SO ORDERED, this the 7th day of July, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge

4